# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**STEPHEN W. GALLIMORE,**
**Claimant Below, Petitioner**

**FILED**

November 6, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0588**  (BOR Appeal No. 2053371)
(Claim No. 2000054417)

**THE WEST VIRGINIA OFFICE**
**OF THE INSURANCE COMMISSIONER,**
**AS ADMINISTRATOR OF THE OLD FUND,**
**Commissioner Below, Respondent**

**and**

**KEYROCK ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stephen W. Gallimore, a self-represented litigant, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Office of the Insurance Commissioner, by Counsel Melissa M. Stickler, filed a timely response.

The issue on appeal is an application for permanent total disability benefits. On May 1, 2017, the claims administrator determined that Mr. Gallimore failed to meet the 50% threshold required to reopen his claim for permanent total disability consideration and that the request to consider permanent total disability was not timely filed. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision on August 23, 2018. This appeal arises from the Board of Review's Order dated December 21, 2018, in which the Board of Review affirmed the decision of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

1

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Gallimore completed an Application for Permanent Total Disability Benefits on July 10, 2016. He provided his employment history and his educational history on the form. He indicated that he was granted Social Security benefits in approximately 2001. He was also granted a Veterans Administrator disability award of 20% in January 1989.

On May 1, 2017, the claims administrator issued a ruling determining that Mr. Gallimore failed to meet the 50% threshold required to reopen the claim for permanent total disability consideration pursuant to West Virginia Code § 23-4-6(n)(1), as he has received 43.56% in permanent partial disability awards. The Order further explained that Mr. Gallimore did not timely file his application for permanent total disability benefits within five years from the date of his initial permanent partial disability award as required by West Virginia Code § 23-4-16(b). Mr. Gallimore protested the claims administrator's decision.

Mr. Gallimore did not introduce any evidence in support of his protest. The Old Fund introduced a May 24, 2000, Order accepting neck sprain, lumbar sprain, and thoracic sprain as injuries in the subject claim. The Old Fund introduced records indicating that Mr. Gallimore was granted an 8% permanent partial disability award in Claim No. 900030975, and he was granted a 2.563% noise-induced hearing loss award in Claim No. 20010295224. On October 20, 2004, Mr. Gallimore was granted a 33% permanent partial disability award. The award represented 25% for his cervical fusion and 8% for his lumbar impairment.

On August 23, 2018, the Office of Judges affirmed the claims administrator's ruling of May 1, 2017. The Office of Judges determined that Mr. Gallimore failed to meet the 50% threshold required to reopen the claim for permanent total disability consideration. It was established that Mr. Gallimore had been granted a total of 43.56% in permanent total disability awards. The Office of Judges also noted that Mr. Gallimore was granted a 33% permanent partial disability award in October 2004. However, he did not file his application for permanent total disability benefits until July 10, 2015, which was well outside of the permitted time frame to file an application for permanent total disability benefits. By Order dated December 21, 2018, the Board of Review affirmed the August 23, 2018, decision of the Office of Judges.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. Mr. Gallimore has not received a total of 50% in prior permanent partial disability awards or a 35% statutory award in his workers' compensation claims. He failed to meet the threshold requirement under the statute. Also, Mr. Gallimore's request for consideration of a permanent total disability award in July 2016 was not made within five years of the date of his initial permanent partial disability award issued on October 20, 2004. Accordingly, Mr. Gallimore's request is outside of the permitted time frame to file an application for permanent total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 6, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison